Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| JOSÉ A. VEGA GARCÍA<br><br>Recurrente<br><br><br>V.<br><br><br>DEPARTAMENTO DE CORRECCIÓN, TÉCNICO SOCIOPENAL SRA. CONCEPCIÓN, TÉCNICO SOCIOPENAL JEFA DE SOCIALES IRIS VELÁZQUEZ, SUPERINTENDENTE INST. ZARZAL VÍCTOR BERMÚDEZ, TENIENTE SANTANA, TÉCNICO DE RECORD PENAL SR. RIVERA, MARIBEL GARCÍA CHARRIEZ, EVALUADORA DE REMEDIOS ADMINISTRATIVOS, SECRETARIO INTERINO DCR SIXTO MARRERO RODRÍGUEZ, LCDA. GLORIMAR LAMBOY TORRES, DANDO LO MEJOR DE TÍ SRA. TAYNA RIVERA LLAVONA, SECRETARIA DCR ANA ESCOBAR, TENIENTE ALEMÁN, OFICIAL CONDE Y OFICIAL BURGOS<br><br>Recurridos | KLRA202400018 | Revisión del Departamento de Corrección<br><br><br>Por: QZA-57-23<br>QZA-65-23<br><br><br>Sobre:<br><br>Bonificaciones de Derecho por trabajo Cooperativa Zarzal Multícoop., Terapias Dando lo Mejor de Ti y Arrastre de Institución a otra Institución Penal y Querer Obligar a MPC a estudiar por la Ley 217 |

Panel integrado por su presidente, el Juez Sánchez Ramos, Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Marrero Guerrero, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 30 de enero de 2024.

Comparece el Sr. José A. Vega García (en adelante, el señor Vega García o el recurrente) por derecho propio y de forma *pauperis*

ante este Tribunal, mediante un escrito titulado *Moción en Solicitud Revisión sobre Respuesta de Remedio Administrativo*. En su petición, expone haber enfrentado diversos inconvenientes al solicitar a las técnicas socio-penales, las señoras M. Concepción e Iris Velázquez, que honren bonificaciones por su participación en talleres y trabajos realizados. Además, aduce que esta situación lo ha excluido de recibir bonificaciones por los talleres en los que ha participado y por las labores realizadas, ya que la señora Concepción afirma erróneamente que el recurrente no cuenta con diploma de cuarto año.[1]

En síntesis, el recurrente solicita que este Foro: (1) declare Ha Lugar su petición; (2) ordene al Departamento de Corrección y Rehabilitación (en adelante, DCR) realizar los cómputos correspondientes relacionados con bonificaciones, terapias y arrastre de institución, de acuerdo con lo establecido en el Plan de Reorganización Núm. 2 de 2011, según enmendado, para el periodo comprendido entre octubre de 2022 y el 1 de diciembre de 2023; y (3) ordene la entrega de su hoja de liquidación de sentencia, junto con todos los cómputos solicitados, sin que se tome ninguna represalia en su contra.[2]

**-I-**

Según se desprende de la comparecencia, el señor Vega García se encuentra confinado en el Campamento Zarzal en Río Grande, desde el 13 de septiembre de 2022. Sostiene haber realizado labores de agricultura y haber participado de diversos talleres ofrecidos por el DCR. A su entender, la participación en estos talleres puede ser tomada en consideración para que se le apliquen bonificaciones conducentes a reducir su condena. Asimismo, sostiene que la señora Concepción se muestra renuente a otorgarle

---

[1] Véase, páginas 2-4 de la comparecencia del recurrente.
[2] *Íd.*, págs. 5-6.

las bonificaciones correspondientes al argumentar que es necesario poseer un diploma de cuarto año. Según el recurrente debido a una interpretación errónea de la señora Concepción, esta considera que el señor Vega García carece de dicho diploma y le ha instado en cinco (5) ocasiones tomar las clases necesarias para obtenerlo.[3]

Conforme a lo expresado en la comparecencia, el recurrente señala que posee diploma de cuarto año desde el 2 de agosto de 1996.[4] De igual forma, arguye que ha realizado los procedimientos pertinentes a través de la División de Remedios Administrativos del DCR, pero que sus solicitudes y reconsideraciones nunca han sido contestadas. En virtud de lo expuesto, el señor Vega García solicita nuestra intervención.[5]

Cabe destacar que, junto con la *Moción en Solicitud Revisión sobre Respuesta de Remedio Administrativo*, no se acompañaron copias de las solicitudes y reconsideraciones efectuadas por el recurrente al DCR. Asimismo, no se adjuntaron copias de su diploma de cuarto año ni certificaciones de los talleres en los que participó.

Conforme a lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 Ap. XXII-B, R. 7 (B) (5), prescindimos de la comparecencia de las posibles partes con interés, y resolvemos. Se adelanta la desestimación del recurso.

**-II-**

El Artículo 4.006 de La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24y, establece que este Tribunal tiene competencia para revisar, entre otros asuntos, las decisiones, órdenes y resoluciones finales de los organismos o agencias administrativas. Por su parte,

---

[3] *Íd.*, págs. 2-3.
[4] *Íd.*, pág. 3.
[5] *Íd.*, pág. 4.

la Regla 56 y siguientes del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 56 y siguientes, gobiernan el trámite de las revisiones de los asuntos previamente mencionados. En particular, la Regla 59 regula el contenido del recurso de revisión. Así, todo recurso de esta naturaleza debe incluir uno o varios señalamientos de error, los cuales, además deben ser discutidos; de igual manera debe contener una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión incluyendo la fecha en que fue dictada y la fecha en que se archivó en autos copia de la notificación a las partes. También, deberá presentarse un apéndice, el cual tiene que contener copia de las alegaciones de las partes ante la agencia recurrida; y copia de la querella, orden, resolución o providencia administrativa recurrida, así como de toda moción, resolución u orden necesaria para establecer la jurisdicción de este Tribunal o que sea pertinente para la controversia. 4 LPRA Ap. XXII-B, R. 59 (E).

**-III-**

Un examen del expediente ante nuestra consideración demuestra que el recurrente no nos colocó en posición de ejercer nuestra función revisora. Esto se debe a que no formuló ni discutió ningún señalamiento de error y no adjuntó en su comparecencia documento alguno relativo a su solicitud. En este sentido, carecemos de una determinación administrativa que revisar e incluso desconocemos cuándo fue emitida la misma, de haber sido, en efecto emitida, lo que también nos impide determinar nuestra jurisdicción sobre el asunto.

Las normas que rigen el perfeccionamiento de todos los recursos deben observarse rigurosamente. Ello, ante la necesidad de colocar a los tribunales apelativos en posición de decidir correctamente los casos, con el beneficio de un expediente completo

y claro de la controversia que tiene ante sí. *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013).

Es importante subrayar que, el hecho de que las partes litigantes comparezcan por derecho propio, por sí solo, no justifica que ellas incumplan con las reglas procesales. La omisión por parte del recurrente de cumplir con nuestro Reglamento constituye un impedimento real y meritorio para la consideración del caso en sus méritos. Si bien en ciertas circunstancias hemos sido flexibles en cuanto a las exigencias de nuestro Reglamento, aquí no se trata de meros errores de forma, sino cuestiones esenciales que nos impiden entrar a los méritos del caso y ejercer nuestra función revisora.

**-IV-**

A la luz de lo antes expuesto, desestimamos el recurso ante nuestra consideración por el craso incumplimiento del recurrente con las disposiciones legales y reglamentarias aplicables. La presente determinación no es impedimento para que el recurrente acuda nuevamente ante nosotros, acompañando cualquier comparecencia con los documentos necesarios, tales como su solicitud ante el DCR, y la determinación final de la referida agencia ante dicho reclamo, ello dentro del término de treinta (30) días de la notificación de la decisión administrativa.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones